Telephone & FAX Numbers, and California State Bar Number
ANTHONY WRIGHT PRO PER
bro.wright2009@gmail.com
(760) 686-1202

*Attorney for Appellant*

FOR COURT USE ONLY

FILED
DEC 07 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re: BAYVIEW LOAN
WILSON, MARA, LOW, QUICKFIX,
WILSON FAMILY TRUST, LES WILSON, MICHELLE WILSON Debtor(s).

CV11-10267 CAS

Last four digits of Social Security Number(s): 5311

CHAPTER: 7

CASE NUMBER: 2:06-BK-15911 pc

Employer's Tax Identification No(s) [if any]:

ADVERSARY NUMBER: 2:09AP-01834-pc

FILED
CLERK U.S. DISTRICT COURT
DEC 13 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

## NOTICE OF APPEAL

1. NOTICE IS HEREBY GIVEN that the *(check only one box)* ☒ plaintiff ☐ defendant or ☐ other party

*(specify name of party)* Anthony Wright, appeals under 28 U.S.C.

§ 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge *(describe judgment, order, or decree)* November 30, 2011 (Filed), 12-2-11 (Enter), 3-29-11 (Filed), 3-31-11 (Entered) entered in this adversary proceeding or other proceeding

*(describe other proceeding)* Summary Judgments on the 30th / 29th day of November / March, *(year)* 2011.

2. The names of all parties to the judgment, order, or decree appealed from and the names, addresses, telephone, and fax numbers of their respective attorneys are as follows *(print or type names, addresses, telephone, and fax numbers)*:

PLEASE SEE ATTACHED SERVICE LIST

*(Continued on next page)*

| | |
|---|---|
| In re<br>Lorece and Anthony Wright<br>Debtor(s). | CHAPTER: 7<br>CASE NUMBER: |

Dated: 12/6/11

*Signature (Attorney for Appellant or Appellant if not represented by an Attorney)*

Anthoney Wright

*Attorney Name*

bro.wright2009@gmail.com

*Address*

(760) 686-1202

*Telephone Number*

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this Notice of Appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

*If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

MAR 29 2011
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

FILED
FEB 10 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

ENTERED
MAR 31 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

Law Offices of
PETER F. MUSIELSKI (SBN 82486)
1801 Parkcourt Place
Building I, Suite 104
Santa Ana, CA 92701
musielskilaw@yahoo.com

Telephone (714) 558-1773
Facsimile (714) 558-0179

Attorney for Defendants;
Les Wilson, an individual,
Michelle Wilson an individual, and Trustee of the Wilson Family Trust
LDW Investment I, a limited partnership
MRA Funding, Inc. a California corporation
Quickfix Investment LLC a California Limited Liability Company

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| | |
|---|---|
| In Re: LORECE WRIGHT | CASE NO: 2:06-BK-15911-SB<br>ADVERSARY NO: 09-01834-SB |
| LORECE WRIGHT,<br>ANTHONY WRIGHT,<br>Plaintiffs,<br>v.<br>BAYVIEW LOAN SERVICING, LLC, a limited liability company, LES WILSON, an individual and Trustee of the WILSON FAMILY TRUST, MICHELLE WILSON, an individual and Trustee of the WILSON FAMILY TRUST, a Trust, LDW INVESTMENT I, LP, an LP, MRA FUNDING, INC., a corporation, QUICKFIX INVESTMENTS, LLC, a limited liability company and Does 1 – 50,<br>Defendants. | Assigned for all purposes to Judge Peter Carroll<br><br>~~[PROPOSED]~~ **SUMMARY JUDGMENT**<br><br>DATE: 3/29/11<br>TIME: 9:30a.m.<br>CTRM: 1539 |

The Motion for Summary Judgment or in the alternative Partial Summary Adjudication brought by Defendants, Les Wilson, an individual, Michelle Wilson an individual, and Trustee of the Wilson Family Trust LDW Investment I, a limited partnership MRA Funding, Inc. a California corporation Quickfix Investment LLC a California Limited Liability Company came on regularly for Hearing of March 29, 2011 at 9:30a.m.,, in Courtroom 1539, of the above entitled Court located at 255 East Temple Street, Los Angeles, California 90012, before the Honorable Peter Carroll, Judge presiding. Plaintiffs appeared by and through their Attorneys of Record, Kelly S. Johnson, Esq., and James Andrew Hinds, Jr., Esq.. Defendants appeared by and through their Attorney of Record, Peter F. Musielski, Esq..

The Court having heard and considered the evidence and arguments of counsel, and good cause appearing, therefore finds that there are no triable issues of material fact. The uncontroverted evidence holds that the Plaintiffs did not have Standing to enter into any agreement with the Defendants, as alleged in this Adversary Proceeding, since Plaintiffs were at the times the alleged Agreements were entered into with the Defendants, were in Bankruptcy. There was no approval by the Bankruptcy Court, nor the Bankruptcy Trustee to enter into such agreements with the Defendants.

Further, the uncontroverted evidence holds that the real properties located at: 1130-1138 90th Street, Los Angeles, California 90044; 1131-1139 91st Street, Los Angeles, California 90044; 11254 Berendo Avenue, Los Angeles, California 90044; 819 Imperial Highway, Los Angeles, California 90044 were abandoned by the Trustee in the Bankruptcy proceedings. Further, the Bankruptcy Court approved the sale of the real property located at 819 Imperial Highway, Los Angeles, California 90044 (Order entered on December 6, 2007.

Further the FAC Sixteen Causes of Action are non-core claims pertaining to real properties that were no longer part of the Bankruptcy Estate, and which had been Ordered sold or abandoned by the Trustee from the Bankruptcy Estate.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

The Motion for Summary Judgment is granted in it entirety. The Court finds for the Defendants, Les Wilson, an individual, Michelle Wilson an individual, and Trustee of the Wilson Family Trust, LDW Investment I, a limited partnership, MRA Funding, Inc. a California Corporation, Quickfix Investment LLC a California Limited Liability Company, and against the Plaintiffs, LORECE WRIGHT and ANTHONY WRIGHT. The Plaintiffs, LORECE WRIGHT and ANTHONY WRIGHT shall take nothing by way of their Adversary Complaint against the Defendants, Les Wilson, an individual,

Michelle Wilson an individual, and Trustee of the Wilson Family Trust, LDW Investment I, a limited partnership, MRA Funding, Inc. a California Corporation, Quickfix Investment LLC a California ~~Limited~~ Liability Company.

Dated: March 29, 2011 By ______________________
PETER CARROLL,
Judge of the Bankruptcy Court

**Stuart B. Wolfe (SBN 156471)**
***sbwolfe@wolfewyman.com***
**Kelly Andrew Beall (SBN 162456)**
***kabeall@wolfewyman.com***
**Jennifer J. Maas (SBN 223384)**
***jjmaas@wolfewyman.com***
**Andrew A. Bao (SBN 247092)**
***aabao@wolfewyman.com***
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Telephone: (949) 475-9200**
**Facsimile: (949) 475-9203**

**Attorneys for Defendant**
**BAYVIEW LOAN SERVICING, LLC**

FILED & ENTERED
NOV 30 2011
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| | |
|---|---|
| In re<br><br>LORECE WRIGHT,<br><br>Debtor, | BK Case No.: 2:06-BK-15911-PC<br><br>Chapter 7<br><br>Adversary Case No.: 2:09-ap-01834-PC |
| LORECE WRIGHT, and ANTHONY WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC, a limited liability company, LES WILSON, an individual and Trustee of the WILSON FAMILY TRUST, MICHELLE WILSON, an individual and Trustee of the WILSON FAMILY TRUST, a Trust, LDW INVESTMENT I, LP, an LP, MRA FUNDING, INC., a corporation, QUICKFIX, LLC INVESTMENTS, a limited liability company and Does 1 - 50 | **JUDGMENT**<br><br>**DATE: November 28, 2011**<br>**TIME: 9:30 a.m.**<br>**CTRM: 1539 (15th Flr)** |



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Defendants.

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant BAYVIEW LOAN SERVICING, LLC's ("Bayview") Motion for Summary Judgment or, in the alternative, for Partial Summary Judgment came on for hearing before the Honorable Judge Peter S. Carroll on November 28, 2011 at 9:30 a.m. All appearances are noted in the record.

After reviewing the moving, opposing, and reply papers, the evidence presented thereon, and considering oral arguments, the Court ruled as follows:

**IT IS HEREBY ORDERED**

That Plaintiff ANTHONY WRIGHT's claims for (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Fraud and Misrepresentation; (4) Negligent Misrepresentation; (5) Slander Per Se; (6) Inducing Breach of Contract; (7) Intentional Interference with Contractual Relations; (7) Intentional Interference with Prospective Economic Advantage; (9)Negligent Interference with Prospective Economic Advantage; (10) Rescission; and (11) Declaratory Relief be dismissed on the merits with prejudice;

**IT IS FURTHER HEREBY ORDERED**

That Plaintiff LORECE WRIGHT's claims for (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Fraud and Misrepresentation; (4) Negligent Misrepresentation; (5) Slander Per Se; (6) Inducing Breach of Contract; (7) Intentional Interference with Contractual Relations; (7) Intentional Interference with Prospective Economic Advantage; (9)Negligent Interference with Prospective Economic Advantage; (10) Rescission; and (11) Declaratory Relief be dismissed with prejudice;

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**IT IS FURTHER HEREBY ORDERED**

That Defendant Bayview recover its costs.

###

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

DATED: November 30, 2011

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify* ***JUDGMENT*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 11-29-2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Andrew Bao aabao@wolfewyman.com
Rebecca J Callahan rcallahan@callahanlaw.biz
David A Gill (TR) mlr@dgdk.com, dgill@ecf.epiqsystems.com
James Andrew Hinds jhinds@jhindslaw.com
Kelly S Johnson ksjesq@aol.com
Yaron Shaham ys@severson.com, lbh@severson.com;ldo@severson.com;djl@severson.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Jennifer Maas
Wolfe & Wyman LLP
2301 Dupont Drive Ste 300
Irvine, CA 92612-7531
Peter F. Musielski
1801 Parkcourt Pl Bldg I Ste 104
Santa Ana, CA 92701
Lorece Wright and Anthony Wright
162 W Del Amo
Long Beach, CA 90805

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

Case 2:09-ap-01834-PC Doc 161 Filed 11/30/11 Entered 11/30/11 12:26:06 Desc Main Document Page 1 of 12

**Stuart B. Wolfe (SBN 156471)**
***sbwolfe@wolfewyman.com***
**Kelly Andrew Beall (SBN 162456)**
***kabeall@wolfewyman.com***
**Jennifer J. Maas (SBN 223384)**
***jjmaas@wolfewyman.com***
**Andrew A. Bao (SBN 247092)**
***aabao@wolfewyman.com***
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Telephone: (949) 475-9200**
**Facsimile: (949) 475-9203**

FILED & ENTERED

NOV 30 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia DEPUTY CLERK

**Attorneys for Defendant**
**BAYVIEW LOAN SERVICING, LLC**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| | |
|---|---|
| In re<br><br>LORECE WRIGHT,<br><br>Debtor, | BK Case No.: 2:06-bk-15911-PC<br><br>Chapter 7<br><br>Adversary Case No.: 2:09-ap-01834-PC |
| LORECE WRIGHT, and ANTHONY WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC, a limited liability company, LES WILSON, an individual and Trustee of the WILSON FAMILY TRUST, MICHELLE WILSON, an individual and Trustee of the WILSON FAMILY TRUST, a Trust, LDW INVESTMENT I, LP, an LP, MRA FUNDING, INC., a corporation, QUICKFIX, LLC INVESTMENTS, a limited liability company and Does 1 - 50<br><br>Defendants. | **DEFENDANT BAYVIEW LOAN SERVICING, LLC'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW (LBR 7056-1(b)(2)) IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br><br>***[Notice of Motion and Motion for Summary Judgment and Request for Judicial Notice filed concurrently herewith]***<br><br>**DATE: November 28, 2011**<br>**TIME: 9:30 a.m.**<br>**CTRM: 1539 (15th Flr)** |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**TO THE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

After consideration of the papers in support of and in opposition to Defendants' motion for summary judgment, or in the alternative, motion for partial judgment, and the oral argument of counsel, the Court determines the following facts have been established as,

## UNCONTROVERTED FACTS

1. Plaintiffs were the former owners of property located at 11254 Berendo Avenue in Los Angeles, California ("Berendo Property"), 12500 Long Beach Blvd. in Lynwood, California, ("Long Beach Blvd. Property"), and 1040 W. 91st Street in Los Angeles, California ("W. 91st St. Property") (collectively, "Subject Properties"). (Plaintiff Lorece Wright's Schedule A, filed November 29, 2006, in Case No. 2:06-bk-15911-SB ("Schedule A"); Plaintiff Lorece Wright's Amended Schedule A, filed December 15, 2006, in Case No. 2:06-bk-15911-SB ("Amended Schedule A"); Grant Deed recorded on February 1, 2008, in the Los Angeles County Recorder's Office as Instrument No. 20080201440; Grant Deed recorded on January 15, 2008, in the Los Angeles County Recorder's Office as Instrument No. 20080084054; Grant Deed recorded on February 1, 2008, in the Los Angeles County Recorder's Office as Instrument No. 20080201439.)

2. On or about November 14, 2006, Plaintiff Lorece Wright initiated a Chapter 11 Bankruptcy proceeding and the Subject Properties were included in the bankruptcy estate. (Pre-Trial Order filed January 15, 2009, by Trustee David Gill in Adversary Proceeding No. 2:08-01380-SB ("Pre-Trial Order"), ¶ 4, 2:14-17 and ¶ 12, 3:11-14; Schedule A; Amended Schedule A.)

3. Bayview Loan Servicing, LLC, ("Bayview") was a secured creditor, which had recorded liens against the Subject Properties in connection with loans secured by the Subject Properties. (Stipulation Between Bayview Loan Servicing, LLC, the Debtor, and Anthony Wright Regarding the Real Properties Located [sic] (i)

WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

11245 Berendo Avenue, Los Angeles, CA 900044, (ii) 12500 Long Beach Blvd., Lynwood, CA 90262, (iii) 1040 W. 91st St., Los Angeles, CA 90044; Order Thereon ("Stipulation"), ¶ 2, 2:4-8; Deposition of Anthony Wright ("Wright Depo."), Volume III, 208:2-20; Declaration of Andrew Ghezzi ("Ghezzi Dec."), ¶ 5; Declaration of Jennifer J. Maas ("Maas Dec."), ¶ 4.)

4. Plaintiffs acknowledged the validity and enforceability of Bayview's liens. (Stipulation, ¶ 2, 2:8-9; Wright Depo., Volume III, 208:2-20; Maas Dec., ¶ 4.)

5. On or about December 12, 2007, the bankruptcy trustee's motion to abandon the Subject Properties back to Plaintiff Lorece Wright was granted. (Stipulation, ¶ 3, 2:10-11; Wright Depo., Volume III, 208:2-20; Order Granting Emergency Motion of Trustee for Order: Authorizing Immediate Abandonment of Certain Real Properties, filed and entered December 12, 2007; Maas Dec., ¶ 4.)

6. In February 2008, Bayview and Plaintiffs entered into an agreement granting Bayview immediate relief from the bankruptcy stay with respect to the Subject Properties ("Stipulation"), which agreement was approved by the bankruptcy court. (Stipulation; Wright Depo., Volume III, 208:2-20; Maas Dec., ¶ 4.)

7. The purpose of the relief from the bankruptcy stay in February 2008 was solely to permit Bayview to record a Notice of Default and a Notice of Trustee's Sale and to proceed with foreclosure, but no other relief was granted at that time. (Transcript of Proceedings on February 5, 2008 in Case No. 2:06-bk-15911-SB, 4:6-9.)

8. Pursuant to the terms of the Stipulation, Bayview was permitted to immediately proceed with non-judicial foreclosure sales of the Subject Properties. (Stipulation, ¶¶ A-B, 2:19-24; Wright Depo., Volume III, 208:2-20; Maas Dec., ¶ 4.)

9. Also pursuant to the Stipulation, Plaintiffs were permitted to pay off Bayview's liens on the Subject Properties, at the prices set forth in the Stipulation, at any time prior to 5:00 p.m. Eastern Standard Time on the business day immediately preceding any future scheduled foreclosure sale of the Subject Properties ("Payoff

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Payment"). (Stipulation, ¶¶ C-D, 2:27-3:8; Wright Depo., Volume III, 208:2-20; Maas Dec., ¶ 4.)

10. Plaintiffs were also permitted to obtain no more than two 30-day postponements of any foreclosure sale of the Subject Properties upon payment of sums specified in the Stipulation in certified funds at least 48 hours before the scheduled and/or re-scheduled foreclosure sale dates ("Forbearance Payment"). (Stipulation, ¶ G, 3:18-24; Wright Depo., Volume III, 208:2-20; Maas Dec., ¶ 4.)

11. At a hearing conducted on September 9, 2008, the Court granted Bayview unconditional relief from the bankruptcy stay. (Transcript of Proceedings on September 9, 2008, 11:24-12:1; Plaintiff Anthony Wright's responses to Bayview's Request for Admission Nos. 25-27; Maas Dec., ¶ 7.)

12. The Orders granting that relief were entered by the Court on September 25, 2008. (Order Granting Motion for Relief from the Automatic Stay entered September 25, 2008, as to the real property located at 11254 Berendo Avenue; Order Granting Motion for Relief from the Automatic Stay entered September 25, 2008, as to the real property located at 12500 Long Beach Blvd.; Order Granting Motion for Relief from the Automatic Stay entered September 25, 2008, as to the real property located at 1040 West 91st St.)

13. On or about September 12, 2008, one or more of the Wilson Defendants, through Defendant Les Wilson, wired to Bayview the sum of $775,000.00 to pay off the lien recorded against the Berendo Property on behalf of Plaintiffs. (Wright Depo., Volume I, 79:19-21; Volume III, 233:17-18; Ghezzi Dec., ¶ 7; Maas Dec., ¶¶ 3-4.)

14. On the same date, Plaintiffs executed a Grant Deed conveying title to the Berendo Property to Defendant Quickfix, LLC Investments. (Grant Deed recorded in the Los Angeles County Recorder's Office on September 12, 2008, as Document No. 20081650581; Wright Depo., Volume I, 117:18-20; 126:22 through 127:2; 129:23-24; Maas Dec., ¶ 3.)

///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

15. Plaintiff Anthony Wright agreed to the Wilson Defendants' payoff of the loan on the Berendo Property. (Wright Depo., Volume I, 79:19-21, Volume III, 233:17-18, Volume IV, 299:13 through 300:6; Maas Dec., ¶¶ 3-5.)

16. At no time did Bayview receive any Forbearance Payment from Plaintiffs or any other individual or entity acting or purporting to act on behalf of Plaintiffs to delay the foreclosure of any of the Subject Properties, and Plaintiffs admit that they did not make any such payment. (Ghezzi Dec., ¶ 8; Wright Depo., Volume I, 68:6-16, Volume III, 223:11-20; Plaintiff Anthony Wright's responses to Bayview's Request for Admission Nos. 19-23; Maas Dec., ¶¶ 3,4, and 7.)

17. Plaintiffs also admit that they were not entitled to the postponement of any foreclosure sale because they did not make any forbearance payment. (Plaintiff Anthony Wright's response to Bayview's Request for Admission No. 23; Maas Dec., ¶ 7.)

18. At no time did Bayview receive any Payoff Payment to pay off the liens recorded against the Long Beach Blvd. Property or the W. 91st St. Property, and Plaintiffs admit that they did not make any such payment. (Ghezzi Dec., ¶ 9; Wright Depo., Volume III, 223:11-20; Plaintiff Anthony Wright's responses to Request for Admission Nos. 17-18; Maas Dec., ¶ 4 and 7.)

19. Plaintiffs did not have any equity remaining in the Bayview Properties at the time of the alleged wrongful conduct by Bayview, and Plaintiffs did not have any net income generated by the Bayview Properties. (Ghezzi Dec., ¶¶ 10-11; Bayview's Motion for Relief from Stay as to the Berendo Property, page 7, ¶ 6g; Bayview's Motion for Relief from Stay as to the Long Beach Blvd. Property, page 7, ¶ 6g; Bayview's Motion for Relief from Stay as to the W. 91st St. Property, page 7, ¶ 6g; Trustee's Deed Upon Sale recorded on October 8, 2008, in the Los Angeles County Recorder's Office as Instrument No. 20081800722; Declaration of Joe Kimaz ("Kimaz Dec."), ¶¶ 3-6; Declaration of David Gill, dated December 10, 2007, ("Gill Dec."), ¶ 23, 28:15-24.)



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

20. At no time did anyone at Bayview make any statements that Plaintiffs had engaged in fraud, theft, and illegal and criminal conduct. (Ghezzi Dec., ¶ 12; Declaration of Tom Block ("Block Dec."), ¶ 5; Declaration of R.K. Khalfani ("Khalfani Dec."), ¶ 7; Declaration of Lorry Hempe ("Hempe Dec."), ¶ 5; Declaration of Thomas M. Tomlinson ("Tomlinson Dec."), ¶ 9.)

21. None of the witnesses identified by Plaintiffs in discovery have any knowledge of any statements made by Bavyiew that Plaintiffs had engaged in fraud, theft, and illegal and criminal conduct. (Plaintiff Anthony Wright's response to Interrogatory No. 1 propounded by Defendants Les Wilson, Michelle Wilson, the Wilson Family Trust, LDW Investment I, MRA Funding, Inc., and Quickfix Investment LLC (collectively, "Wilson Defendants"); Maas Dec., ¶ 8.)

22. On March 29, 2011, this Court ruled that no contracts existed between Plaintiffs and the Wilson Defendants. (Summary Judgment entered March 31, 2011 in Case No. 2:09-ap-01834-PC; Transcript of Proceedings on Motion for Summary Judgment conducted on March 29, 2011, 17:7 through 18:7.)

23. In December 2007, David A. Gill, Trustee in the underlying bankruptcy action, found that the total income that could be collected on the Bayview Properties was "substantially less than the estimated minimum operating expenses, known utilities, mortgage payments, and insurance, alone, on each of the properties." (Gill Dec., ¶ 23.)

24. Mr. Gill found that the expenses in operating the Bayview Properties "far outweigh the actual, and even projected rental income" for each of the Bayview Properties. (Gill Dec., ¶ 23.)

25. Plaintiffs failed to maintain rent rolls for their properties, including the Bayview Properties, and failed to maintain books and records sufficient to identify receipts and disbursements for their properties, including the Bayview Properties. (Pre-Trial Order, ¶¶ 43-44, 8:5-8.)

///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

26. In addition, Plaintiff Anthony Wright and other individuals not involved in the instant litigation misappropriated rents for the Bayview Properties and other properties. (Pre-Trial Order, ¶ 39, 7:16-19; Summary Judgment filed and entered March 5, 2009, in Case No. 2:08-ap-01380-SB, ¶ 5, 3:11-27.)

27. Plaintiff Anthony Wright testified that the Long Beach Blvd. Property was completely vacant in 2008, and a licensed real estate broker observed that the Long Beach Blvd. Property was entirely vacant between September 2008 and May 2009. (Wright Depo., Volume IV, 335:25 through 337:17, 338:4-10; Kimaz Dec., ¶ 5, 2:26-27; Maas Dec., ¶ 5.)

28. An appraisal report prepared for the City of Lynwood in June 2008 noted that the Long Beach Blvd. Property was vacant and did not meet minimum health and safety standards, and the City of Lynwood would not allow an occupancy permit. (Appraisal Report dated June 24, 2008, page 18; Declaration of Maria Quinonez, ¶¶ 2-4, 1:23 through 2:10; Maas Dec., ¶ 9.)

29. As of January 1, 2008, shortly before the parties entered into the subject Stipulation, Plaintiff's total outstanding debt on the three Bayview Properties, as presented to this Court in Bayview's Motion for Relief from Stay was as follows:

| | |
|---|---|
| Berendo Property | $1,246,308.32 |
| Long Beach Blvd. Property | $625,981.12 |
| W. 91st St. Property | $1,229,958.19 |

(Bayview's Motion for Relief from Stay as to the Berendo Property, page 7, ¶ 6g; Bayview's Motion for Relief from Stay as to the Long Beach Blvd. Property, page 7, ¶ 6g; Bayview's Motion for Relief from Stay as to the W. 91st St. Property, page 7, ¶ 6g.)

///

///

///

///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

30. When the Long Beach Blvd. Property was sold at a foreclosure sale on October 3, 2008, the total amount of the unpaid debt secured by that property had risen to $819,798.74. (Ghezzi Dec., ¶ 11; Trustee's Deed Upon Sale recorded on October 8, 2008, in the Los Angeles County Recorder's Office as Instrument No. 20081800722.)

31. A licensed real estate broker reviewed the three Bayview Properties in or about September 2008 and marketed the Long Beach Blvd. Property for sale between October 2008 and May 2008, and he determined their values to be as follows:

| | |
|---|---|
| Berendo Property | $1,050,000.00 |
| Long Beach Blvd. Property | between $475,000.00 and $525,000.00 |
| W. 91st St. Property | $925,000.00 |

(Kimaz Dec., ¶¶ 3-4, 2:9-25 and ¶ 6, 2:28 through 3:5.)

32. Plaintiff Anthony Wright has admitted that he does not know the value of the Bayview Properties at any given time without consulting with other experts and therefore us unable to express an opinion as to the value of the Bayview Properties. (Wright Depo., Volume V, 527:8 through 528:4, 529:8-17, 530:14-20; Maas Dec., ¶ 6.)

## CONCLUSIONS OF LAW

1. Bayview did not breach the terms of the Stipulation because the Stipulation was no longer of any force and effect after the Court granted Bayview unconditional relief from the bankruptcy stay as to the Subject Properties on September 9, 2008.

2. Bayview did not breach the terms of the Stipulation with respect to the Berendo Property because Plaintiffs consented to the payoff of Bayview's lien on the Berendo Property by one or more the Wilson Defendants.

3. Plaintiffs did not perform their obligations under the terms of the Stipulation by failing to pay off Bayview's liens on the Long Beach Blvd. Property and W. 91st St. Property.



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

4. Plaintiffs have not suffered any damages as a result of Bayview's acceptance of a Payoff Payment from one or more of the Wilson Defendants.

5. Plaintiffs have not suffered any damages as a result of Bayview's assignment of its lien on the W. 91st St. Property.

6. Plaintiffs have not suffered any damages as a result of Bayview's foreclosure sale of the Long Beach Blvd. Property.

7. Plaintiffs cannot pursue a claim against Bayview for Breach of the Implied Covenant of Good Faith and Fair Dealing because the Stipulation is not an insurance contract.

8. Plaintiffs cannot pursue a claim against Bayview for Breach of the Implied Covenant of Good Faith and Fair Dealing because Plaintiffs' relationship with Bayview is not a fiduciary relationship.

9. Plaintiffs cannot recover damages from Bayview for Breach of the Implied Covenant of Good Faith and Fair Dealing because Bayview did not breach the terms of the Stipulation.

10. Plaintiffs cannot recover damages from Bayview for Breach of the Implied Covenant of Good Faith and Fair Dealing because Plaintiffs did not perform their obligations under the terms of the Stipulation.

11. Plaintiffs cannot recover damages from Bayview for Breach of the Implied Covenant of Good Faith and Fair Dealing because the Stipulation was no longer of any force and effect after the Court granted Bayview unconditional relief from the bankruptcy stay as to the Subject Properties on September 9, 2008.

12. Bayview did not make any false representations to Plaintiffs.

13. Bayview did not intend to defraud Plaintiffs.

14. Plaintiffs have not suffered any damages as a result of any misrepresentations by Bayview.

15. Bayview never published any defamatory statements about Plaintiffs.

///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

16. Bayview did not induce the Wilson Defendants to breach a contract with Plaintiffs because there was no contract between the Wilson Defendants and Plaintiffs.

17. Bayview did not induce the Wilson Defendants to breach a contract with Plaintiffs because it did not have any knowledge of the existence of any contract between the Wilson Defendants and Plaintiffs.

18. Bayview did not interfere, negligently or intentionally, with Plaintiffs' Prospective Economic Advantage because it did not have any knowledge of the existence of any economic relationships between Plaintiffs and any other parties.

19. Bayview's conduct in foreclosing on the Long Beach Blvd. Property, assigning its interest in the W. 91st St. Property, and accepting the Payoff Payment for the Berendo Property was not wrongful.

20. Plaintiffs cannot rescind any agreement with Bayview because Plaintiffs did not enter into any agreement with Bayview as a result of duress, menace, fraud, or undue influence.

21. Plaintiffs are not entitled to declaratory relief because there is no actual controversy between Plaintiffs and Bayview.

22. Judgment shall be entered in Bayview's favor consistent herewith.

###

DATED: November 30, 2011

[signature]

United States Bankruptcy Judge

WOLFE & WYMAN LLP ATTORNEYS & COUNSELORS AT LAW

**WRIGHT V WILSON, BAYVIEW et. Al.**
**Case No. 2:06-bk-15911 PC**
**Adversary Case No. 2:09-AP-01834 PC**
**9th Cir. BAP Case No.**
**POS FOR NOTICE OF APPEAL**

**PROOF OF SERVICE**

I Robert L. Jarrett, Jr. declare I am not a party to this proceeding, and over the age of 18 years and my business and or mail address is 106 ½ Judge John Aiso #202 Los Angeles, California 90012. On December 7, 2011 I caused to be served by prepaid US mail in a sealed envelope the document or documents set forth below:

**NOTICE OF APPEAL**

Service was made on the last known address or addresses of the interested parties mentioned below:

**See Attach Service List**

I declare under penalty of perjury under the laws of the States of California that the aforesaid is true, and correct. Executed this 7th day of December 2011 in Los Angeles, California.

Robert L Jarrett Jr.
Robert L Jarrett Jr.
ROBERT L. JARRETT, JR

**SERVICE LIST**
**U.S. Bankruptcy Court – Central District of California (Los Angeles)**
**In Re: Lorece Wright / Wright, et al. v. Bayview Loan Servicing, LLC, et al.**
**Case No. 2:06-BK-15911-PC**

| | |
|---|---|
| Lorece Wright<br><br>**E-MAIL ONLY** | Plaintiff In Pro Se<br>Tel: 760-686-1202<br>Email: lorecewright@gmail.com<br>**Mail/Email** |
| **Judge Pete Carroll**<br>**255 e. Temple, 15th Floor Room 1539**<br>**Los Angeles, CA 90012** | |
| United States Trustee (LA)<br>725 S Figueroa St., 26th Floor<br>Los Angeles, CA 90017 | U.S. Trustee<br>Ph: (213) 894-6811<br>Fax: (213) 894-2603 |
| Anthony Wright (Per Court's Order)<br>**Email ONLY** | **Plaintiff In Pro Se**<br>**Tel: 1-760-686-1202**<br>**E-Mail: bro.wright2009@gmail.com** |
| **BAYVIEW LOAN SERVICING**<br>**Atty. Jennifer J. Maas**<br>**2301 Dupont Dr., Ste 300**<br>**Irvine, CA 92612-7531**<br>**Phone No. 1-949-475-9200** | **JJMAAS@WOLFEWYMAN.COM** |
| **David A. Gill**<br>**DANNING, GILL, DIAMOND & KOLLITZ**<br>**1900 Avenue of the Stars Ste. 1100**<br>**Los Angeles, CA 90067**<br>**Phone No. 1-310-277-0077** | **DAVIDGILL@dgdk.com** |
| **Esq. Peter F. Musielski**<br>**1801 Park Place Building F Ste. 104**<br>**Santa Ana, CA 92701**<br>**Phone No. 1-714-558-1773** | **musielskilaw@yahoo.com** |