UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

Bankruptcy No: 2:06-bk-15911 PC, Adversary No.: 2:09-ap-01834 PC

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS): APPEAL FROM BANKRUPTCY COURT (filed December 13, 2011)

The Court finds this appeal appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

Before the Court is appellant Anthony Wright's appeal from an adversary proceeding in the U.S. Bankruptcy Court for the Central District of California. Appellant appeals the Bankruptcy Court's grants of summary judgment on March 29, 2011 and November 30, 2011. See Appellant's Excerpt of Record, Amended Exhibits on CD ("AER") at 114–27. On Dec 7, 2011, appellant appealed both grants of summary judgment to the district court. See Dkt. No. 2. On November 9, 2012, appellant filed his amended opening brief. Dkt. No. 46. On January 3, 2013, appellee Bayview Loan Servicing LLC ("Bayview") filed its opposition brief. Dkt. No. 50. On February 1, 2013, appellant filed his amended reply brief. Dkt. No. 56.

## II. BACKGROUND

The adversary proceeding involves properties located at (1) 11254 Berendo Avenue, Los Angeles, California; (2) 12500 Long Beach Boulevard, Lynwood, California; (3) 1040 W 91st Street, Los Angeles, California (collectively "the Bayview Properties"); as well as properties located at 1130–1138 90th Street, Los Angeles, California; 1131–1139 91st Street, Los Angeles California; and 819 Imperial Highway, Los Angeles California. AER at 120. The Bayview Properties were part of the bankruptcy estate of appellant's mother, Lorece Wright, in the underlying bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

action. Bayview's Excerpt of Record ("BER") at 628–31. Lorece Wright filed for Chapter 11 bankruptcy on November 14, 2006. AER at 4403. On November 30, 2007, Lorece Wright's bankruptcy estate was converted to Chapter 7 on the motion of trustee David Gill. AER at 4403-04.

On February 25, 2008, in connection with Bayview's motions for relief from the automatic stay in the underlying bankruptcy action, appellant and Lorece Wright (collectively "the Wrights") entered into a stipulation (the "Stipulation") with Bayview regarding the Bayview Properties. Id. At the time, Bayview had duly recorded liens on all three properties. AER at 4404. This Stipulation, which was approved by the Bankruptcy Court, granted Bayview immediate conditional relief from the automatic stay, and allowed Bayview to "proceed with foreclosure sales of the Bayview Properties in accordance with State law" and "without any further effort by [the Wrights], or any related party to hinder or delay the foreclosure process." Id. Pursuant to the Stipulation, the Wrights had the right to pay off the liens in full for the reduced total price of $2.1 million, or to pay reduced release prices for one or more individual property. AER at 4404–05. They also had the right to extend a foreclosure sale not more than twice by paying a forbearance sum of $50,000 to forestall a sale of all three properties, or $16,666.67 to forestall the sale of a single property. AER at 4405. The parties stipulated that they had all "had sufficient time, access, and ability to consult with legal counsel regarding the terms and conditions" of the Stipulation, and that the Bankruptcy Court "shall retain jurisdiction over any dispute arising from or related to this Stipulation." AER at 4405–4407.

No payments were made pursuant to the Stipulation, although appellant has stated that the Wrights attempted to do so and were obstructed by Bayview. See BER at 90, 98 (deposition testimony of appellant); BER at 113–14, 123 (requests for admissions and responses in the adversary proceeding); BER at 231 (declaration of Andrew Ghezzi, Assistant Vice President of Bayview). Bayview moved for unconditional relief from the automatic stay with regard to the Bayview Properties, which the Bankruptcy Court granted at a hearing on September 9, 2008. BER at 712–25. On September 12, 2008, Bayview accepted a payment of $775,000 from Les Wilson for the Berendo Avenue property. See BER at 91-94, 99, 231. That same day the Wrights and Louise Walden transferred the Berendo Avenue property through gift deed to Quickfix, LLC Investments. BER at 728. Bayview foreclosed on the Long Beach Boulevard and W 91st Street properties. BER at 115, 123, 823-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

On July 13, 2009, the Wrights filed the adversary proceeding against Bayview; Les and Michelle Wilson as individuals and trustees of the Wilson Family Trust; LDW Investment I, LP; MRA Funding, Inc.; Quickfix, LLC Investments (collectively the "Wilson defendants"); and fifty Does. See BER at 1. On October 27, 2009, the Wrights filed a First Amended Complaint ("FAC"). See AER at 4366. The FAC sought damages for breach of contract, breach of the covenant of good faith and fair dealing, fraud and misrepresentation, negligent misrepresentation, conversion, quantum meruit, unjust enrichment, breach of fiduciary duty, constructive trust and accounting, slander, inducing breach of contract, intentional interference with contractual relations and prospective economic advantage, negligent interference with prospective economic advantage, rescission, and declaratory relief. Id. The FAC alleged that the Bankruptcy Court "has jurisdiction over the subject matter and the parties of this lawsuit based upon the Stipulation," and that the matter "is a core proceeding." AER at 4367.

In brief, the FAC alleged that appellant and his mother entered into an agreement with Les Wilson and the Wilson Family Trust, pursuant to which the Wilson defendants would pay off the liens on the Bayview Properties in exchange for a fifty percent interest in the properties and net profits therefrom, and that this agreement "provided the basis for" the aforementioned Stipulation. See AER at 4370–71. The FAC further alleged that the Wilson defendants breached their agreement with the Wrights by denying the agreement's existence and taking sole title to the Berendo Avenue property. AER at 4372. The FAC contended that Bayview breached the Stipulation by, among other things, "improperly assigning servicing rights, selling and/or accepting payoff from someone other than as directed or permitted by [the Wrights], and [] engaging in further misconduct and bad-faith actions." AER at 4372–73. More specifically, the FAC alleged that the Wilson defendants and Bayview misrepresented that if the Wrights would agree to allow the reinstatement of the Bayview loans, Bayview would allow the Wrights to retain the properties. AER at 4374.

On February 10, 2011, the Wilson defendants moved for summary judgment. U.S. Bankruptcy Court, Central District of California No. 2:09-ap-01834-DS ("BK Dkt.") No. 83. On March 24, 2011, the Wrights filed an ex parte motion for a continuance to respond to the motion for summary judgment, which the Bankruptcy Court denied on March 29, 2011. BK Dkt. Nos. 88, 90. On March 29, 2011, the Bankruptcy Court granted the Wilson defendants' motion for summary judgment in its entirety, finding that the Wrights could not have entered into the alleged agreement with the Wilson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

defendants because the Wrights were in bankruptcy at the time and did not have the approval of the Bankruptcy Court or Bankruptcy Trustee to enter into such an agreement. Bk Dkt. No. 93; AER at 111. The Bankruptcy Court also found that the properties at issue were abandoned by the Trustee in the Bankruptcy proceeding, and that the Bankruptcy Court had approved the sale of the property at 819 Imperial Highway. AER at 112.

On October 17, 2011, Bayview moved for summary judgment. BK Dkt. No. 136. Pursuant to Local Bankruptcy Rule 7056-1(c)(1), appellant's opposition was due on November 7, 2011. On November 10, 2011, the Wrights filed a request for an extension of time to respond to the motion for summary judgment. BK Dkt. No. 150. On November 14, 2011, the Wrights filed a notice alleging that the motion for summary judgment was not properly served, and renewing their request for a continuance of the hearing scheduled for November 28, 2011. BK Dkt. No. 153. On November 22, 2011, the Wrights filed an ex parte motion requesting an emergency hearing on the request for a continuance, or a transfer to federal district court. BK Dkt. No. 156. On November 28, 2011, the Bankruptcy Court denied the request for a continuance, determining that service was proper. BK Dkt. No. 158. That same day, the Bankruptcy Court denied the motion for an emergency hearing or transfer to District Court. BK Dkt. No. 159. The Bankruptcy Court held a hearing on the motion for summary judgment on November 28, 2011. See BK Dkt. No. 160.

On November 30, 2011, the Bankruptcy Court granted Bayview's motion for summary judgment, dismissing all of the Wright's claims against Bayview with prejudice. BK Dkt. No. 160; AER 114-16. Concurrently, the Bankruptcy Court entered a Statement of Uncontroverted Facts and Conclusions of Law. BK Dkt. No. 161; AER 118-27. Among other facts, the Bankruptcy Court found that the Wrights "did not have any equity remaining in the Bayview Properties at the time of the alleged wrongful conduct by Bayview, and did not have any net income generated by the Bayview Properties." AER at 122. Moreover, the Bankruptcy Court found that no contract existed between the Wilson defendants and the Wrights. AER 127. The Bankruptcy Court also concluded that Bayview did not breach the terms of the Stipulation because the Stipulation was "no longer of any force and effect after the Court granted Bayview unconditional relief from the bankruptcy stay" as to the Bayview Properties, and because the Wrights consented to the payoff of Bayview's lien on the Berendo Property by the Wilson defendants. AER at 125. The Bankruptcy Court additionally concluded that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

Wrights had not suffered any damages as a result of Bayview's conduct, that no fiduciary relationship existed between the Wrights and Bayview, and that Bayview did not slander, defraud, or make false representations to the Wrights. AER at 126. The Bankruptcy Court also found no merit in the Wrights' contentions that Bayview had induced the Wilson defendants to breach a contract, and had interfered with the Wrights' economic relations. AER at 127.

### III.   LEGAL STANDARD

A district court has jurisdiction to hear appeals from final judgments, orders or decrees of the bankruptcy court. 28 U.S.C. § 158(a). When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. In re Webb, 954 F.2d 1102, 1103–04 (5th Cir.1992). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The bankruptcy court's "conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error." In re Taylor, 599 F.3d 880, 887 (9th Cir. 2010). A bankruptcy court's grant of summary judgment is reviewed de novo, In re Raintree Healthcare Corp., 431 F.3d 685, 687 (9th Cir. 2005), and may be affirmed on any ground supported by the record, ACLU of Nevada v. City of Las Vegas, 333 F.3d 1092, 1097 (9th Cir.2003).

Clear error can be found "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Banks v. Gill Distrib. Ctrs., Inc. (In re Banks), 263 F.3d 862, 869 (9th Cir.2001) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). "The existence of the bankruptcy court's jurisdiction is a question of law subject to de novo review." Marciano v. Fahs (In re Marciano), 459 B.R. 27, 34 (B.A.P. 9th Cir.2011) (citing Reebok Int'l, Ltd. v. Marnatech Enters., 970 F.2d 552, 554 (9th Cir.1992)).

### IV.   ANALYSIS

Appellant's broadest ground for relief is that the Bankruptcy Court did not have the constitutional authority to enter a final judgment in the adversary proceeding. As explained below, this argument is without merit because appellant consented to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

Bankruptcy Court's adjudication and entry of final judgment in the matter.  Appellant also raises several more limited grounds for relief, which the Court addresses in turn, to the extent in can discern them on the briefing and record presented.

### A.    The Bankruptcy Court's Jurisdiction Over the Adversary Proceeding

First, appellant argues that the bankruptcy court did not have jurisdiction over the adversary proceeding[1].  Appellant contends that because the adversary proceeding involved contract and other state law claims, the bankruptcy court did not have constitutional authority to enter a final judgment.  Bayview argues that the bankruptcy court properly exercised jurisdiction over the adversary proceeding and, even if it otherwise would have lacked jurisdiction, that appellant consented to adjudication by the bankruptcy court.

####     1.    The Division of Adjudicatory Authority Between Article III and Bankruptcy Courts

"Congress has divided bankruptcy proceedings into three categories: those that 'aris[e] under title 11'; those that 'aris[e] in' a Title 11 case; and those that are 'related to a case under title 11.' " Stern v. Marshall, 131 S. Ct. 2594, 2603 (2011) (brackets in original) (quoting 28 U.S.C. § 157(a)).  "District courts may refer any or all such proceedings to the bankruptcy judges of their district." Id.  The scope of bankruptcy courts' statutory authority after such a referral depends on the type of proceeding involved, as the Supreme Court explained in Stern:

> Bankruptcy judges may hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11." § 157(b)(1).  "Core proceedings include, but are not limited to" 16 different types of matters, including "counterclaims by [a debtor's] estate against persons filing claims against the estate."

---

[1]The Court construes as a variant or reiteration of this argument appellant's contention on page 22 of his opening brief that: "The [Wrights] sought to transfer this proceeding before entry of [summary judgment]" and that the Bankruptcy Court denied the transfer in error.  App. Open. Br. at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

> § 157(b)(2)(C). Parties may appeal final judgments of a bankruptcy court in core proceedings to the district court, which reviews them under traditional appellate standards. See § 158(a); Fed. Rule. Bkrtcy. Proc. 8013.
>
> When a bankruptcy judge determines that a referred "proceeding . . . is not a core proceeding but . . . is otherwise related to a case under title 11," the judge may only "submit proposed findings of fact and conclusions of law to the district court." § 157(c)(1). It is the district court that enters final judgment in such cases after reviewing de novo any matter to which a party objects.

131 S. Ct. at 2603–04 (brackets in original). Additionally, however, "parties may consent to entry of final judgment by [a] Bankruptcy Judge in non-core case[s]." In re Wash. Coast I, L.L.C., 485 B.R. 393, 404 (B.A.P. 9th Cir. 2012) (citing Stern, 131 S. Ct. at 2607).

     In Stern, the Supreme Court held that, by authorizing bankruptcy judges to enter final judgments in all "core" proceedings, § 157 authorized more than the Constitution allowed. Marshall had filed for bankruptcy in federal court, and her late husband's son filed a proof of claim in that proceeding. Id. at 2601. Marshall filed a counterclaim for tortious interference with the gift she expected from the deceased. Id. The bankruptcy court granted summary judgment to Marshall on her counterclaim, and the son objected that the bankruptcy court lacked jurisdiction to do so. Id. The Court held that under those circumstances, the bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Id. at 2620.

     Although appellant alleged in the FAC that the adversary proceeding was a "core proceeding" properly before the Bankruptcy Court, he now argues that the Bankruptcy Court lacked the authority to enter final judgment in the adversary proceeding because it sounds in state contract and tort law. As explained below, appellant consented to the Bankruptcy Court's entry of final judgment, and the Court therefore does not reach the issue of whether entry of final judgment would be appropriate absent that consent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

2. Consent

Appellant's reliance on Stern is misplaced because he consented to the Bankruptcy Court's entry of final judgment, no matter whether such adjudication would otherwise have been proper. See In re Daniels-Head & Assocs., 819 F.2d 914, 918 (9th Cir. 1987) ("Because . . . we hold that the parties consented to the bankruptcy court's jurisdiction over these contract claims, we need not decide if the claims could be characterized as core proceedings."); In re New York Skyline, Inc., 512 B.R. 159, 173 (S.D.N.Y. 2014) ("[A] bankruptcy judge may also enter a final judgment on non-core claims if the parties consent."). "The waivable nature of the allocation of adjudicative authority between bankruptcy courts and Article III courts is well established." In re Bellingham Ins. Agency, Inc., 702 F.3d 553, 566 (9th Cir. 2012).[2] And as the Ninth Circuit has noted, "§ 157(c)(2) expressly provides that bankruptcy courts may enter final judgments in non-core proceedings 'with the consent of all the parties to the proceeding.' " Id. at 567.

Here, appellant clearly consented to the Bankruptcy Court's adjudication of the adversary proceeding, including entry of final judgment. First, "'[a]n allegation that the proceeding is core serves as an express consent for the bankruptcy court to treat the proceeding as core and enter a final order in that proceeding.' " In re Wash. Coast I, L.L.C., 485 B.R. 393, 408 (B.A.P. 9th Cir. 2012) (quoting Mercury Comps., Inc. v. FNF Sec. Acquisition, Inc., 460 B.R. 778, 781 (D. Colo. 2011)); In re C.W. Min. Co., No. 2:09-cv-417-DAK, 2009 WL 4906702, at *2 (D. Utah Dec. 11, 2009) (same); see also In re Johnson, 124 B.R. 648, 649 (Bankr. E.D. Pa. 1991) ("[Plaintiff's] allegation that this proceeding is core . . . . constitute a consent . . . that we can determine this proceeding even if it is non-core."). The FAC filed by appellant expressly alleged that the

---

[2] To the extent that appellant argues that the Supreme Court's 2011 decision in Stern altered the Bankruptcy Court's authority to enter final judgment in his case, the Court notes that In re Bellingham was decided after—and extensively discusses—Stern. See In re Bellingham, 702 F.3d at 558–67. See also In re Wash. Coast I, L.L.C., 485 B.R. 393, 407 (B.A.P. 9th Cir. 2012) ("[W]e agree with those bankruptcy courts which have concluded that Stern does not affect the parties' ability to consent to the authority (constitutional or otherwise) of the bankruptcy court to enter a final judgment in this adversary proceeding.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

Bankruptcy Court "has jurisdiction over the subject matter and the parties of this lawsuit based upon the Stipulation," and that the matter "is a core proceeding." AER at 4367.

Moreover, the Ninth Circuit has held that "consent implied from the parties' actions is sufficient." In re Daniels-Head, 819 F.2d at 919. Appellant's conduct during the litigation provides additional support for his consent to the Bankruptcy Court's jurisdiction, as he filed the adversary proceeding in Bankruptcy Court and does not appear to have even arguably objected for at least two years of litigation. See In re Mann, 907 F.2d 923, 926 (9th Cir. 1990) ("Here, Mann chose to file this adversary proceeding in the bankruptcy court, and he never objected to the court's jurisdiction prior to the time it rendered judgment against him. Through this conduct, he consented to the court's jurisdiction."); see also Stern, 131 S. Ct. at 2608 ("If Pierce believed that the Bankruptcy Court lacked the authority to decide his claim for defamation, then he should have said so—and said so promptly."). Further, appellant agreed in the Stipulation that "[t]he Bankruptcy Court shall retain jurisdiction over any dispute arising from or related to this Stipulation." AER at 4407. The adversary proceeding indisputably arises from or is related to the Stipulation: appellant's claims against Bayview were premised on a breach of the Stipulation, and appellant's claims against the Wilson defendants were based on an alleged agreement that "provided the basis for" the stipulation.[3]

Appellant's brief references an emergency motion in the Bankruptcy Court before entry of judgment in favor of Bayview that at least implicates the issue of the Bankruptcy

---

[3]Appellant argues that the Stipulation provides no support for the bankruptcy court's jurisdiction or appellant's consent thereto because "the Stipulation expressly limits Respondent Bankruptcy Court's jurisdiction to **contentions and disputes** relating to "*any claims of waste, vandalism, or damage to [the Subject Properties]*." App. Open. Br. at 26 (emphasis in original); see AER at 4406. Appellant correctly points out that the adversary proceeding did not involve "claims of waste, vandalism, or damage." But appellant ignores additional language in the Stipulation providing that "[t]he Bankruptcy Court shall retain jurisdiction over any dispute arising from or related to this Stipulation." AER at 4407. Appellant's appears to raise other arguments regarding the improper circumstances under which he entered into the Stipulation; however, these arguments are almost entirely devoid of record citations, and the Court finds no clear indication that the Bankruptcy Court erred in finding the Stipulation to be valid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

Court's authority to enter final judgment. On November 22, 2011—fifteen days after his opposition to Bayview's motion for summary judgment was due and six days before the scheduled hearing—appellant filed an "emergency motion to shorten time to hear emergency motion for an extension to respond to summary judgment motion, transfer to district court, or both." See BK Dkt. No. 156. In this motion, appellant wrote, "It is unquestionable only an Art. III appointee may issue a final decision in a pure contractual controversy however the facts before this Court arose from a stipulation subject to this Courts [sic] auxiliary jurisdiction gone bad. In other words Anthony was given lemons and instead of complaining made lemonade." Id. at 7. Appellant also argued, "[t]he facts of this case appear to be consistent with the law of the land prior to Marshall v. Stren [sic] and after as Anthony will not consent to or stipulate to any final judgment by this Court." Id. at 14.

     Even construing the emergency motion as a clear objection to the Bankruptcy Court's entry of final judgment,[4] the Court finds it insufficient to revoke appellant's clear prior manifestations of consent. As noted above, appellant both expressly and impliedly consented to the Bankruptcy Court's adjudication of the adversary proceeding, including entry of final judgment. Express consent through an allegation that a proceeding is core has been described as "irrevocable" consent for a bankruptcy court's entry of final judgment. In re C.W. Min. Co., 2009 WL 4906702, at *2 (quoting In re St. Mary Hospital, 117 B.R. 125, 131 (Bankr. E.D. Pa. 1990)); see also In re Seatco, Inc., 259 B.R. 279, 283 (Bankr. N.D. Tex. 2001) (finding that a party had consented to entry of a final order through "repeated admissions" in pleadings that the bankruptcy court could do so, and despite an objection raised just before entry of final judgment). And appellant litigated the case in Bankruptcy Court for over two years prior to filing the emergency motion. To ignore this consent because of an ex parte motion filed on the very eve of the entry of final judgment—and only after appellant had failed to oppose not one but two

---

    [4]The motion was arguably not an unequivocal objection to the Bankruptcy Court's continued jurisdiction over the case: appellant moved for an emergency hearing on a separate motion to extend his time to respond to the motion for summary judgment, or a transfer to district court. Indeed, the majority of the motion's argument related to the request for an extension. Moreover, appellant's statement that "instead of complaining he made lemonade" appears to be another admission that he consented to the Bankruptcy Court's resolution of the dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

motions for summary judgment—would allow the type of "sandbagging" that the Supreme Court has warned about in connection with a lengthy bankruptcy dispute:

> Given Pierce's behavior before the Bankruptcy Court, we conclude that he consented to that court's resolution of his defamation claim (and forfeited any argument to the contrary). We have recognized "the value of waiver and forfeiture rules" in "complex" cases . . . and this case is no exception. In such cases, as here, the consequences 'of "a litigant . . . 'sandbagging' the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor . . . can be particularly severe."

Stern, 131 S. Ct. at 2608 (quoting Puckett v. United States, 556 U.S. 129, 134 (2009)). Here, construing appellant's eleventh hour emergency motion as effective to withdraw his previous consent to the Bankruptcy Court's adjudication of the matter would encourage sandbagging and forum shopping by bankruptcy litigants who feel they are about to be on the losing end of a dispositive motion.

Appellant argues that parties cannot consent to the jurisdiction of the Bankruptcy Court for purposes of entering a final judgment. But this argument is foreclosed by the authority cited above. Moreover, appellant's cited cases are inapposite, as they involved situations in which the federal courts entirely lacked subject matter jurisdiction, and did not concern the "allocation of adjudicative authority between bankruptcy courts and Article III courts."[5] In re Bellingham, 702 F.3d at 566. Indeed, "Stern . . . made clear that § 157 'does not implicate questions of subject matter jurisdiction.' " In re Bellingham, 702 F.3d at 567 (quoting Stern, 131 S. Ct. at 2607). Cf. In re Wash. Coast I, L.L.C., 485 B.R. at 407 ("Stern does not affect the parties' ability to consent to the authority (constitutional or otherwise) of the bankruptcy court to enter a final judgment in this adversary proceeding.").

---

[5]For example, appellant cites American Fire & Cas. Co. v. Finn, 341 U.S. 6, 18 (1951), in which the Supreme Court held that parties could not consent to federal adjudication of claims for which there was no basis for federal subject matter jurisdiction because of a lack of complete diversity, and Capron v. Van Noorden, 6 U.S. 126, 127 (1804), which also concerned a lack of diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

Therefore, the Court finds that appellant consented to the Bankruptcy Court's entry of final judgment through signing the Stipulation, filing the adversary proceeding in Bankruptcy Court, and proceeding with over two years of litigation.

**B.    Appellant's Other Asserted Grounds for Relief**

Because the Bankruptcy Court had the authority to enter a final judgment, this Court has the authority to review appellant's other asserted grounds for relief under traditional appellate standards.  See  28 U.S.C. § 158(a).  Even if this Court accepted appellant's contention that the Bankruptcy Court lacked jurisdiction to enter a final judgment, this Court could treat the appeal as objections to proposed findings of fact and conclusions of law submitted in connection with the motions for summary judgment.  See Kirschner v. Agoglia, 476 B.R. 75, 82 (S.D.N.Y. 2012) (holding that it is "well within the inherent powers of a federal district court" to "treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III").  Such proposed findings of fact and conclusions of law would be reviewed de novo, which is the same standard applied to a district court's review of a bankruptcy court's final entry of summary judgment.  See 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033(d); see also In re Wallace, 259 B.R. 170, 178 (C.D. Cal. 2000) ("A district court reviews the bankruptcy court's grant of summary judgment de novo.").  As explained below, the Court finds no error in the Bankruptcy Court's decisions to grant summary judgment; therefore, under any potentially applicable standard of review, the Court determines that the Bankruptcy Court's decision should stand.  Cf. Executive Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2174–75 (2014) (holding that the Supreme Court did not have to decide whether a party permissibly consented to final adjudication of a fraudulent conveyance claim by the bankruptcy court because, by conducting *de novo* review of the summary judgment claims, the district court gave the appellant any Article III review to which it was entitled).

       1.    Notice of the Bayview Motion for Summary Judgment

Appellant argues that Bayview failed to provide "sufficient calendaring notice" of its motion for summary judgment.  Appellant appears to contend that there is a conflict between Federal Rule of Civil Procedure 6(d), which provides an additional three days to act after certain kinds of service, and the similar Federal Rule of Bankruptcy Procedure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

9006(f). Appellant argues that Bayview was required to—and did not—give an extra three days in noticing its motion.

The Court finds this line of argument inapposite. Fed. R. Civ. P. 6(d) applies "[w]hen a party may or must act within a specific time after service." Cf. Fed. R. Bankr. P. 9006(f) (applying "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after service"). Here, the relevant deadline for Bayview to notice and serve its motion for summary judgment was governed by Local Bankruptcy Rule 7056-1(b)(1), which provides that a "notice of motion and motion for summary judgment . . . must be served and filed not later than 42 days before the date of the hearing on the motion." Similarly, under Local Bankruptcy Rule 7056-1(c)(1), appellant's opposition was due 21 days before the noticed hearing date. Thus, the deadline for Bayview to notice and file its motion was set by the noticed hearing date, not counted from the time of service.

Judge Carroll determined, in an order denying a continuance of the Bayview summary judgment hearing, that service was proper. BK Dkt. No. 158. After reviewing the record, the Court finds no indication of reversible error in this determination. Before summary judgment was granted, Bayview offered proof of service of the motion and all attached documents, which Mr. Wright does not contest. BK Dkt. No. 157 Ex.1. Appellant argued before the Bankruptcy Court and in separate a motion before this Court that the motion for summary judgment was filed only 40 days in advance of the hearing as opposed to the required 42 days. BK Dkt. #153; DC Dkt. No. 76. But the Court has reviewed the record and it appears that 42 days elapsed, in accordance with Fed. R. Bankr. P. 9006(a)(1), between the filing and service on October 17, 2011, and the hearing on November 28, 2011. The Court therefore finds no ground for reversal due to the notice of Bayview's motion for summary judgment.

        2.      Service of the Wilson Defendants' Motion for Summary Judgment on the Bankruptcy Court

Appellant also appears to contend that there is no proof that Judge Carroll was served with the Wilson defendants' motion for summary judgment. Because the motion appears to have been properly e-filed on February 10, 2011, the Court sees no ground for relief based on this argument. BK Dkt. Nos. 83-85.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

    3.    Abandonment by Appellant's Attorney

Appellant argues that attorney Kelly Johnson "completely abandoned" the Wrights instead of properly opposing both motions for summary judgment. With respect to the Wilson defendants' motion for summary judgment, Johnson filed a motion for a continuance to file an opposition, but did not file an opposition. Appellant did not thereafter move any court for relief based on Johnson's failure to file an opposition, nor did he discharge Johnson. With respect to the Bayview motion for summary judgment, appellant signed a notice of substitution terminating Johnson as his attorney on September 20, 2011, almost a month before Bayview filed its motion. AER at 419–20; see also AER at 288-29 (October 7 order granting Johnson's motion to withdraw as Lorece Wright's attorney of record and noting that the motion was "moot" as to appellant "because he had already signed a Substitution of Attorney as of the hearing date"). Moreover, the record includes emails from Johnson to appellant which should have put appellant on notice even earlier that Johnson no longer intended to represent appellant. See, e.g., AER 636 (July 22, 2011 email advising appellant that Johnson was "unable to continue to represent [appellant] in the pending litigation against Bayview"); AER 591 (July 28, 2011 email indicating that Johnson had previously requested that appellant sign a Substitution of Attorney); AER 426-27 (August 24, 2011 email indicating that Johnson would be "filing a Motion to Withdraw" and that appellant should retain new counsel).

Appellant also appears to argue that defendants or persons connected to them improperly persuaded Johnson and other attorneys to abandon the Wrights. But these allegations are not supported by any admissible evidence or citations to the record. Accordingly, the Court finds no grounds related to the purported abandonment that would justify reversing either grant of summary judgment.

    4.    Winnetta Walden as an Indispensable Party

Appellant argues that "Winnetta Walden was in fact an indispensable party" when certain properties involved in the Wilson motion for summary judgment were "agreed to be sold on a specific date. Appellant's Open. Br. at 22. Appellant contends in his opening brief that the Wrights and Walden have a still-existing joint tenancy, and that Walden's "absence renders the stipulation void." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
|---|---|---|---|
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

  Appellant does not cite any portion of the record that would support his contentions regarding Walden's status as an indispensable party, as required by Federal Rules of Bankruptcy Procedure. See Fed. R. Bankr. P. 8010(a)(1)(E) ("The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." (emphasis added)).  For example, on page 27 of his opening brief, appellant states that "Winetta Walden have objection after the stipulation was created and she was did not included her after she requested and this is why it needs to litigation [sic].  See exhibit # +opposition to bayview's conclusion of law related doc 161 on page 3529-3535."  Pages 3529 to 3535 of appellant's record excerpts, however, are pages of the FAC that do not appear to reference Walden.[6]  AER at 3529–3535.  Appellant's reply brief also seems to reference the indispensable parties argument:

> Bayview did intend to defraud Plaintiff and submitted the stipulation
> In before Bayview got all necessary and indispensable parties to sign
> the stipulation.  See emails related Bayview knew that there was more
> necessary and indispensable parties that was needed to sign the
> stipulation according to state and federal law, and that is why
> Bayview served the foreclose notice on indispens[a]ble, essential, and
> necessary owner Barnelle Wilson related to 1040 west 91 street.  (***See
> "exhibit 10- Winetta Walden" page 2910-2911***)

App. Reply Br. at 5 (emphasis in original).  But although page 2910 is a cover sheet referencing Walden's name, page 2911 is a notice of trustee's sale that does not mention Walden.

  Other references in the reply brief to Walden or the concept of an indispensable party similarly fail to cite to a portion of the record that supports or clarifies appellant's argument.  See, e.g., App. Reply Br. at 8 (appearing to argue that Walden was not served

---

  [6]Of course, even if these portions of the FAC did reference Walden and clearly support appellant's argument, allegations in a pleading are insufficient to reverse a grant of summary judgment.  Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (explaining that the nonmoving party must "go beyond the pleadings" to successfully oppose a motion for summary judgment).

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

with a motion by Les Wilson, but containing no citation other than "see proof of service"); id. at 9 (explaining that Walden is "the owner of all the properties related to this lawsuit and a [sic] indispensable owner with her personal rights according to contract law and federal law and state law," but containing no record or legal citation); id. at 10 (stating that Walden "requested to be apart [sic] of this lawsuit and was needed to settle any concern related to this estate," but containing no record citation); id. at 15 (referring to the concept of "indispens[a]ble parties" but not mentioning Walden or citing to the record or legal authority); id. at 16 (arguing that "this stipulation has affected the rights of indispens[a]ble parties related to Winnetta Walden and Barnelle Wilson," but containing no record citation); id. at 19 (referencing Walden but containing no record citation); id. at 24 (appearing to respond to Bayview's arguments that appellant's arguments concerning Walden are improper, but citing two pages of the record that do not mention Walden).

Therefore, the Court is unable to discern the basis for appellant's argument that Walden was an indispensable party whose absence in the adversary proceeding rendered the Bankruptcy Court's consideration of that dispute invalid, and concludes that the Bankruptcy Court did not err in granting summary judgment despite Walden's absence.

    5. Conversion of Lorece Wright's Bankruptcy from Chapter 11 to Chapter 7

Appellant argues that the Bankruptcy Court erroneously converted the underlying bankruptcy from Chapter 11 to Chapter 7. See App. Open. Br. at 23–24. This issue was not at issue in the adversary proceeding from which appellant appeals, and is therefore not properly before this Court.

Finally, appellant's reply brief includes a section styled "Plaintiff Opposition to Bay View's Conclusion of Law" and inserted before the reply's Introduction. This section mostly appears to advance factual arguments that were not raised before the Bankruptcy Court or even in appellant's opening brief, and therefore are not properly before this Court. See United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir. 1990) (stating that the Ninth Circuit follows the "general rule that an issue may not be raised for the first time on appeal."); Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 924 (9th Cir. 1988) ("It is well established in this circuit that '[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.' " (brackets in original) (quoting United States v. Birtie, 792 F.2d 846, 848 (9th Cir. 1986))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:11-CV-10267-CAS | Date | November 6, 2014 |
| Title | ANTHONY WRIGHT v. BAYVIEW LOAN SERVICES, LLC, ET AL. | | |

Significant portions of the reply brief are unintelligible, partly because appellant appears to have interspersed his own argument with text copied from Bayview's brief, and partly because many record citations are either missing or lack explanation.[7] With regard to these portions, the Court has "not been presented with sufficient information or argument to allow an intelligent disposition of the issue" and deems these arguments waived. See Nw. Acceptance Corp., 841 F.2d at 923 (quoting United States v. White, 454 F.2d 435, 439 (7th Cir. 1971), cert denied, 406 U.S. 962 (1972)).

To the extent that appellant's briefing raises arguments properly before the Court, the Court has reviewed the record and does not find that the Bankruptcy Court made any error that would justify granting appellant any of his requested relief.

## V.    CONCLUSION

In accordance with the foregoing, the Court concludes that appellant has not raised any genuine issue of material fact, and that the Bankruptcy Court correctly determined that defendants were entitled to summary judgment. The Court therefore AFFIRMS the Bankruptcy Court's grants of summary judgment favor of defendants in the adversary proceeding.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

[7] For example, numbered paragraph 13 on page 3 of the reply brief states, "Bayview did breach 11254 Berendo because the Plaintiff's had others client that Bayview rerouted and briefed the Plaintiff's clients to communicate with Bayview after the sale of the Plaintiff's properties," and does not include any citation. The next paragraph states, "Bayview interfered with the Plaintiff's clients" and cites to 150 consecutive pages of the record without further explanation, thirty-five pages of which are simply the First Amended Complaint. The paragraph after that states, "Bayview also bribed the Plaintiff's Clients into Backroom Dealings" and cites no fewer than 358 pages of the record.